IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CASE NO.: **23-1255**

1760631 ALBERTA LTD., a corporation :

Plaintiff :

v. :

LONG ZHANG, an individual :

Defendant :

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

The Plaintiff, 1760631 ALBERTA LTD., herein represented by Charles-Antoine Marois ("Plaintiff"), on personal knowledge as to their own actions and on information and belief as to the actions, capabilities, and motivations of others, hereby allege as follows:



FILED
NOV 03 2023
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**NATURE OF CASE**

1. Pursuant to 17 U.S. Code § 502 and § 512 ("DMCA" or the "Digital Millennium Copyright Act") the Plaintiff seeks to protect themselves from the illegal, improper, unethical, and unfair actions of the Defendants, Long Zhang, who owned Swan Lake ("First Defendant" or "Long Zhang") and Amazon, Inc. ("Second Defendant" or Amazon), due to the Defendants' unlawful use of 1760631 Alberta, Ltd.'s copyright-protected material created by the Plaintiff, published on 1760631 Alberta, Ltd.'s official websites at the following URLs: https://olsatools.com/ ("1760631 Alberta, Ltd.'s website").

2. "Service providers" as defined in the DMCA are required to implement and maintain a policy that provides for the termination of accounts that infringe upon the rights of copyright holders, in order to maintain the safe harbor provisions afforded by the DMCA from copyright infringement claims that the service providers would otherwise enjoy. This requirement is designed to effectuate one of the purposes of the DMCA "Those who repeatedly or flagrantly abuse their access to the Internet through disrespect for the intellectual property rights of others should know that there is a realistic threat of losing access." H.R. Rep. No. 105-551, pt. 2, at 61.

3. In order for a service provider to rely on the safe harbor provisions of the DMCA it cannot permit, participate, enable, or profit from such infringement, and, by permitting the proliferation of copyright-protected content of third parties, it makes those service providers liable for contributory and vicarious liability.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. In addition, the graphic images featuring the innovative tools created by Plaintiff are unlawfully marketed by the Defendants through an e-commerce platform such as Amazon, situated at https://www.amazon.com/ref=nav_logo (referred to hereafter as "Amazon's website"), accordingly, the acts of infringement perpetrated by the Defendants are only able to find a market due to Amazon's website.

7. Long Zhang has consented to the jurisdiction of the abovementioned court by way of a counter-notice sent in terms of 17 U.S.C § 512 (g)(3) ("the counter-notice"). Marked herewith **"Exhibit A"**.

8.      An Amazon Store is a unique multipage e-commerce platform within Amazon that allows different brands to share their offerings and stories. Additionally, it is a platform where sellers and businesses can establish a specialized brand store with exclusive Amazon product URLs.

9.      Moreover, the Defendant's website, which is hosted on the Amazon platform, receives traffic from clients from across the world who may have unintentionally purchased from the content and products made available by Amazon on the platform provided for the infringing content to be posted.

10.     Venue in this District is proper under 28 U.S.C § 1391 (b),(c),(d), and/or 28 U.S.C § 1400(a). Defendant conducts its business in this District, *id* § 1391(c)(3).

## THE PARTIES

11.     The Plaintiff, 1760631 ALBERTA LTD., a Corporation with a place of business at 3-1807 2 Street, Nisku, AB, T9E 0W, Canada, is an e-commerce dealer that creates its own original and innovative products such as mechanic tools and tool accessories for sale and distribution in various countries throughout the world. A copy of the sample product is contained herewith marked **"Exhibit B"**.

12.     The First Defendant is a party only known to Plaintiff as Long Zhang, an individual who owns and operates Swan Lake in Amazon, and whose business is duly registered in accordance with the laws of the Republic Of China having its registered address at Building 6, No. 71 Anren Jinqui Street, Qiantan Town, Hangzhou City, Zheijang Province, China.

## FACTS AND BACKGROUND

13.     The Plaintiff, as an innovative e-commerce dealer, invests significant sums of money in the conceptualization and creation of unique product concepts and designs in various forms including but not limited to handy mechanic tools, organizers, and accessories which it sells, markets, and distributes through 1760631 Alberta, Ltd.'s websites ("1760631 Alberta, Ltd.'s content").

14.     The innovative designs are communicated to 1760631 Alberta, Ltd.'s employees, and, at times, freelancers and inventors, who develop the products and concepts. The creation of these is then submitted

to 1760631 Alberta, Ltd.'s duly authorized representatives who provide further input, from which ongoing improvements are made until such time as the innovations conceived by 1760631 ALBERTA LTD., have been properly expressed and transformed into unique handy mechanic tools and accessories.

15. Moreover, the products of 1760631 Alberta, Ltd.'s primarily aimed at inventing innovative products and tools for mechanics that offer accessible, high-quality tools and professional-grade materials for their daily use.

16. 1760631 Alberta, Ltd.'s content is available for distribution throughout the United States, and its products are trusted by more than 655,000 customers worldwide which have been made through 1760631 Alberta, Ltd.'s shop, with a significant amount of clients visiting their Shopify website on a daily basis.

Defendant's Infringing Conduct on Amazon

17. 1760631 Alberta, Ltd.'s content was unlawfully published on the website, through the Amazon shop namely Swan Lake, owned by Long Zhang, the First Defendant, and hosted by the Second Defendant, Amazon at the following URL: https://www.amazon.com/ref=nav_logo ("the Amazon website")

18. The Plaintiff identified no less than 1 piece of 1760631 Alberta, Ltd.'s content that was directly copied, by the Defendant on the Amazon platform, from 1760631 Alberta, Ltd.'s website or any one of the online marketplaces through which 1760631 Alberta, Ltd.'s content is distributed ("the infringing content").

19. The following table contains links to the Plaintiff's original content and the infringing link that were reported to the designated copyright agent of the Defendants:

| The Defendant | Title of Original Work | Link to Authorized Use of Content Owned by 1760631 ALBERTA LTD. | Link to Infringing Content Distributed through Amazon.com |
|---|---|---|---|
| Long Zhang | Olsa Tools - Socket Organizer | https://olsatools.com/products/magnetic-socket-holder?variant=41307826520115 | https://drive.google.com/file/d/1NPI4xL1-5EssuGoDtziZZdb4LSey2izN/view?usp=drive_link |

20. On Tuesday, on or about 10 October 2023, a copyright infringement report was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) ("Amazon's Copyright Infringement Abuse Form"), to Amazon, the company listed as the duly authorized web hosting service. Copy of which is hereto attached marked **"Exhibit C"**.

21. Shortly after, on Saturday, 14 October 2023, Amazon acknowledged the complaint and officially took down the infringing link.

22. On or about 26 October 2023, the Plaintiff was notified that Long Zhang submitted a letter to Amazon (referred to as "the counter notice") regarding the infringement links that 1760631 ALBERTA LTD. had identified on Amazon. Copy of the infringing image is contained herewith marked **"Exhibit D"**.

23. Due to the existence of the counter-notices provided by Long Zhang, and despite the sound evidence of our client's ownership of the creative and innovative products from their websites, occasioned these proceedings.

Grounds for Injunction against the Defendant

24. The infringing links of the Defendant, more specifically made reference to in Paragraph 20 above contained original works of authorship constituting a conceptualized video work, as defined at 17 U.S. Code § 102 (a)(2) of the Copyright Act. 1760631 Alberta, Ltd.'s content is original unique intellectual property, published in a fixed tangible medium of expression and can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, and, accordingly meets the definition of which is a subject matter capable of copyright protection in terms of 17 U.S. Code § 102 (a).

25.     In terms of 17 U.S. Code § 101 "Publication" includes a public performance or display of the work itself, whereby, it is displayed at a place open to the public or transmitted or otherwise communicated a display of work to the public, by means of any device or process, whether the members of the public capable of receiving the display can receive it in the same place or in separate places and at the same time or different times.

26.     In terms of Title 17 US Code § 106 (1) and 17 US Code § 106 (3) only the owner of a valid copyright notice has the right to reproduce and distribute copies of a copyrighted work to the public and in terms of Title 17 U.S. Code § 501 anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright.

27.     In terms of the above definition, 1760631 ALBERTA LTD. is the legal owner of the copyright in 1760631 Alberta, Ltd.'s content published on and distributed through 1760631 Alberta, Ltd.'s websites. The Plaintiff, is the only party legally capable of reproducing and distributing 1760631 Alberta, Ltd.'s content. Long Zhang, by reproducing 1760631 Alberta, Ltd.'s content which constitutes concepts or video works owned by the Plaintiff, through the copying and publishing of 1760631 Alberta, Ltd.'s content on the infringing website, are infringing parties as defined in Title 17 U.S. Code § 501.

28.     The above Honorable court is empowered by Title 17 U.S. Code § 502(a) to grant temporary injunctions on such terms as it deems reasonable against the Defendants.

## Claim for Relief
## Direct Infringement of Copyright
## (Against The Defendant)

29.     The Plaintiff repeats and realleges every allegation contained in paragraphs 1 to 28 as if fully set forth herein.

30.     The Plaintiff has properly registered, owned, or controlled the copyrights in respect of 1760631 Alberta, Ltd.'s content and 1760631 Alberta, Ltd.'s website.

31.     Without any authorization from the Plaintiff, or right under the law, the Defendants have unlawfully distributed 1760631 Alberta, Ltd.'s content by transmitting unauthorized copies of those works to users in violation of the Copyright Act, 17 U.S.C § 106.

32. The foregoing acts have been intentional, willful, and purposeful in disregard of and indifferent to the Plaintiff's rights.

33. As a direct and proximate result of the Defendants' infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to damages as well as the Defendants' profits pursuant to 17 U.S.C. § 504(b).

34. Alternatively, the Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c) or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

35. The Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

36. That the Court those in privity with, working with, or providing goods or services of any kind to the Defendants and those with notice or receipt of the injunction, including any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, web hosts, web designers, back-end service providers, social media platforms and other third party platforms, such as Shopify Inc., GoDaddy.com, LLC, Facebook, Inc. (now Meta Platforms, Inc.), Yodle, EURID.EU, and Cloudflare, Inc., shall (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the infringing use of 1760631 Alberta, Ltd.'s content, (c) be ordered to provide any and all identification, contact, and registration information associated with the 1760631 ALBERTA LTD. website; and (d) be ordered to produce any and all documents and electronically stored information regarding access, download, and visitors to the 1760631 ALBERTA LTD. Website and sales of all products through the 1760631 ALBERTA LTD. Website.

37. Because of the exceptional nature of this case resulting from the Defendants' deliberate and willful infringing actions, this Court awarded to 1760631 ALBERTA LTD. all reasonable attorney's fees, cost, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505:

38. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause the Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the

Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyright and exclusive rights under copyright.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

A. For a preliminary and permanent injunction enjoying the Defendants and their respective officers, agents, servants and employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Plaintiff's works.

B. For all damages to which the Plaintiff may be entitled, including the Defendant's profits, in such amounts as may be found. Alternatively, at the Plaintiff's election, for statutory damages in the maximum amount allowed by law.

C. For prejudgement interest according to law.

D. For Plaintiff's attorneys' fees, and full costs and disbursements in this action.

E. For such other and further relief as the Court may deem appropriate and just.

Dated: 01 November 2023

By:___/Charles-Antoine Marois/_____
1760631 ALBERTA LTD.
represented by Charles-Antoine Marois
*(President at ALBERTA)*
3-1807 2 Street,
Nisku, AB, T9E 0W,
Canada
Email: charles@olsatools.com
*The First Plaintiff*